AUSTIN SQUARE, INC., APPELLEE, *v.* CITY PRODUCTS CORP., APPELLANT.

[Cite as Austin Square, Inc., v. City Products Corp. (1970), 24 Ohio App. 2d 158.]

(No. 6523—Decided July 31, 1970.)

*Mr. Robert D. Moss,* for appellee.
*Messrs. Brouse, McDowell, May & Bierce* for appellant.

VICTOR, J. This appeal is from a judgment of the Court of Common Pleas of Summit County cancelling a lease entered into between the plaintiff lessor, Austin Square, Incorporated, appellee herein, and the defendant lessee, City Products Corporation, appellant herein.

On April 14, 1965, appellee entered into an agreement for the lease of a storeroom, in a proposed shopping center, to the appellant. This lease was properly executed and recorded. Appellee also entered into approximately forty other leases with various other lessees.

Thereafter, on May 28, 1965, the appellee acquired the land on which the proposed shopping center was to be constructed—it having held an option to purchase the land at the time the various leases were executed. Appellee obtained a building permit, cleared and graded the land, laid

some yard piping and installed some footers (spending approximately $250,000) before construction was halted by a permanent injunction of the Court of Common Pleas on August 13, 1965. That court found that the proposed project would not be a "neighborhood" shopping center, as defined in Section 1163.05 of the Barberton Zoning Code. That ruling was appealed to and affirmed by this court on February 15, 1966 in *Maurer* v. *Austin Square, Inc.*, 6 Ohio App. 2d 41. A motion to certify was overruled by the Supreme Court of Ohio on October 5, 1966.

During this protracted litigation, all but two or three of the leases were voluntarily cancelled.

Thereafter, a revised building plan was submitted by appellee to the Barberton Zoning Board. The board refused to grant a permit. An appeal was then taken to the Court of Common Pleas where it was dismissed. (*Austin Square, Inc.*, v. *Board of Zoning Appeals*, 12 Ohio Misc. 129.) This board is the same administrative board which, under the Barberton Zoning Code, would be authorized to grant a variance. (Section 1183.08, Barberton Zoning Code.)

In November 1967, the voters of Barberton amended the zoning code so that the shopping center as originally proposed is now legally permissible. The appellant is ready, able and willing to perform and objects to the cancellation of its lease.

Appellant has filed fourteen claims of error. We do not believe it will serve any useful purpose to discuss all of them. We have studied them and, in the light of the complaints made, we have examined the bill of exceptions and the original files.

The trial court found that: "the construction of the proposed shopping center was impossible of performance as a matter of law at the time the lease was executed and so remained until November, 1967." It entered an order cancelling the lease.

The record shows that not only did appellee prosecute its appeal of the case to the court of last resort, but when

it lost it made a further application to the zoning board with an amended plan of construction. Appellee also failed there. Appellant contends that appellee was then obliged to go back to this same board and ask for a variance.

Could it reasonably be conceived that the governmental agency which refused to approve the amended plan submitted by the appellee, in an attempt to comply with the court's injunction, would approve that same plan by granting a variance? We think not.

Appellee was not required to seek a submission of the issue to the voters and anticipate a favorable result.

We find that the construction of the proposed shopping center was rendered legally impossible by the injunction rendered by a court of competent jurisdiction; that, thereafter, appellee did everything legally required of it to comply with the order of the court and to perform its contract with the appellant. Having been unsuccessful in its efforts, it is excused from performance, and is entitled to the cancellation of that contract. See RESTATEMENT, CONTRACTS, Section 458 (1932); 6 Williston, Contracts, Sec. 1938 (rev. ed. 1938); *Kuhl* v. *School District No. 76 of Wayne County*, 155 Neb. 357, 51 N. W. 2d 746; *Massillon Savings & Loan Co.* v. *Imperial Finance Co.*, 114 Ohio St. 523.

We find no error prejudicial to the rights of appellant.

The judgment is affirmed.

*Judgment affirmed.*

BRENNEMAN, P. J., and JONES, J., concur.

JONES, J., of the Eleventh Appellate District, and VICTOR, J., of the Court of Common Pleas of Summit County, sitting by designation in the Ninth Appellate District.